**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**

**0** Valuation of Security  **1** Assumption of Executory Contract or Unexpired Lease  **0** Lien Avoidance

Last revised: September 1, 2018

# UNITED STATES BANKRUPTCY COURT
## District of New Jersey

In Re: **Marie Claire Coulanges**

Case No.: **19-16501**
Judge: **Hon. John K Sherwood**

Debtor(s)

## CHAPTER 13 PLAN AND MOTIONS

☐ Original          ■ Modified/Notice Required          Date: **January 6, 2020**
☐ Motions Included  ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE.

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

> **The following matters may be of particular importance.** *Debtors must check one box on each line to state whether the plan includes each of the following items. If an item is checked as "Does Not" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

THIS PLAN:

■ DOES ☐ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES ■ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ■ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

1

Initial Debtor(s)' Attorney **AVW**     Initial Debtor: **MCC**     Initial Co-Debtor _____

## Part 1: Payment and Length of Plan

a. The debtor shall pay **1,700.00 Monthly*** to the Chapter 13 Trustee, starting on **April 1, 2019** for approximately **60** months.

b. The debtor shall make plan payments to the Trustee from the following sources:
- ■ Future Earnings
- ■ Other sources of funding (describe source, amount and date when funds are available): **Contributions to expenses from daughter and daughter-in-law as shown on Schedule I**

c. Use of real property to satisfy plan obligations:
- ☐ Sale of real property
  Description:
  Proposed date for completion: _____

- ☐ Refinance of real property:
  Description:
  Proposed date for completion: _____

- ☐ Loan modification with respect to mortgage encumbering property:
  Description:
  Proposed date for completion: _____

d. ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. ☐ Other information that may be important relating to the payment and length of plan:

## Part 2: Adequate Protection     **X NONE**

a. Adequate protection payments will be made in the amount of $____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to ____ (creditor).

b. Adequate protection payments will be made in the amount of $____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: ____ (creditor).

## Part 3: Priority Claims (Including Administrative Expenses)

a. All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| **Andy Winchell 025062009** | **Attorney Fees** | **5,649.50** |
| **Township of Irvington** | **Taxes and certain other debts** | **0.00** |

b. Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one:
■ None

2

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
| | | | |

## Part 4: Secured Claims

### a. Curing Default and Maintaining Payments on Principal Residence: ☐ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| Franklin Credit Management Corporation | 30 42nd Street Irvington, NJ 07111  Essex County 1620 square foot 2-family home Debtor's residence | 75,265.12 | 5.25 | 85,747.28 | 490.91 |

### b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears: ■ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| | | | | | |

### c. Secured claims excluded from 11 U.S.C. 506: ☐ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
| Franklin Credit Management Corporation | 30 42nd Street Irvington, NJ 07111  Essex County 1620 square foot 2-family home Debtor's residence | 5.25 | 110,503.58 | 85,747.28 |

### d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments ■ NONE

    1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

3

**NOTE: A modification under this section ALSO REQUIRES the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to Be Paid |
|---|---|---|---|---|---|---|---|
| -NONE- | | | | | | | |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender** ■ NONE

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|

**f. Secured Claims Unaffected by the Plan** ☐ NONE

The following secured claims are unaffected by the Plan:

| Creditor |
|---|
| Texas Life Insurance Company |

**g. Secured Claims to be Paid in Full Through the Plan** ■ NONE

| Creditor | Collateral | Total Amount to be Paid through the Plan |
|---|---|---|

## Part 5: Unsecured Claims    ■ NONE

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

☐    Not less than $____ to be distributed *pro rata*

☐    Not less than ___ percent

■    *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|

## Part 6: Executory Contracts and Unexpired Leases    ■ NONE

(NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|

| Creditor | | | |
|---|---|---|---|
| T-Mobile Cellular | 0.00 | Cell Phone Contract Monthly payments: $104.00 | NO Arrearage | 0.00 |

### Part 7: Motions    ☒ NONE

**NOTE: All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal,* within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.**

  a.  **Motion to Avoid Liens under 11 U.S.C. Section 522(f).** ■ NONE
  The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|

  b.  **Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.** ■ NONE

  The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|

  c.  **Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ■ NONE

  The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|

### Part 8: Other Plan Provisions

  a. **Vesting of Property of the Estate**
     ☐ Upon Confirmation
     ■ Upon Discharge

  b. **Payment Notices**
  Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

  c. **Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:
1) Ch. 13 Standing Trustee Commissions
2) **Other Administrative Claims**
3) **Secured Claims**
4) **Lease Arrearages**
5) **Priority Claims**
6) **General Unsecured Claims**

**d. Post-Petition Claims**

The Standing Trustee ☐ is, ■ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

## Part 9: Modification    ■ NONE

If this Plan modifies a Plan previously filed in this case, complete the information below.
Date of Plan being modified: **March 30, 2019**.

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| **To add a payment step in order to pay the claim filed by the secured creditor.** | **A payment step has been added** |

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☐ Yes    ■ No

## Part 10: Non-Standard Provision(s): Signatures Required

Non-Standard Provisions Requiring Separate Signatures:
☐ NONE
■ Explain here:
***This plan is a step plan or has lumpsum payments as follows: $1,700.00 per month for 9 months, then $1,850.00 per month for 51 months**

Any non-standard provisions placed elsewhere in this plan are ineffective.

## Signatures

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

By signing and filing this document, the debtor(s), if not represented by an attorney, or the attorney for the debtor(s) certify that the wording and order of the provisions in this Chapter 13 Plan are identical to *Local Form, Chapter 13 Plan and Motions*, other than any non-standard provisions included in Part 10.

I certify under penalty of perjury that the above is true.

Date: **January 6, 2020**             /s/ **Marie Claire Coulanges**
                                       **Marie Claire Coulanges**
                                       Debtor

Date: _____             _____
                                       Joint Debtor

Date  **January 6, 2020**              /s/ **Andy Winchell**
                                       **Andy Winchell 025062009**
                                       Attorney for the Debtor(s)

6

United States Bankruptcy Court
District of New Jersey

In re:  
Marie Claire Coulanges  
    Debtor

Case No. 19-16501-JKS  
Chapter 13

## CERTIFICATE OF NOTICE

District/off: 0312-2    User: admin    Page 1 of 2    Date Rcvd: Jan 07, 2020
                            Form ID: pdf901    Total Noticed: 19

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jan 09, 2020.
```
db            +Marie Claire Coulanges,    32 42nd Street,    Irvington, NJ 07111-1254
518221828     +Deutsche Bank National Trust Company, et al.,    c/o Franklin Credit Management,
                P.O. Box 829629,    Philadelphia, PA 19182-0001
518154609     +Franklin Credit Management Corporation,    P.O. Box 829629,    Philadelphia, PA 19182-0001
518311763     +OVERLOOK HOSPITAL,    CCCB,    PO BOX 1750,    WHITEHOUSE STA NJ 08889-1750
518154610      Overlook Medical Center,    P.O. Box 35611,    Newark, NJ 07193-5611
518154611     +Parker McCay, PA,    Attn: John D Krohn, Esq,    9000 Midlantic Drive,    Suite 300,
                Mount Laurel, NJ 08054-1539
518154612     +Paul Michael Marketing,    Attn: Bankruptcy Dept.,    159-16 Union Turnpike,    Suite #302,
                Flushing, NY 11366-1955
518154616     +Texas Life Insurance Company,    900 Washington Ave,    Waco, TX 76701-1283
518154617     +Township of Irvington,    Office of Tax Collector,    1 Civic Square,    Irvington, NJ 07111-2412
518275991     +Toyota Motor Credit Corporation,    PO Box 9013,    Addison, Texas 75001-9013
518476604      US Department of Education,    PO Box 16448,    Saint Paul, MN 55116-0448
```
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
smg            E-mail/Text: usanj.njbankr@usdoj.gov Jan 07 2020 23:33:45      U.S. Attorney,    970 Broad St.,
                Room 502,    Rodino Federal Bldg.,    Newark, NJ   07102-2534
smg           +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Jan 07 2020 23:33:43      United States Trustee,
                Office of the United States Trustee,    1085 Raymond Blvd.,    One Newark Center,    Suite 2100,
                Newark, NJ   07102-5235
518154607     +E-mail/Text: bankruptcy@certifiedcollection.com Jan 07 2020 23:33:33
                Certified Credit and Collection Bureau,    P.O. Box 1750,    Whitehouse Station, NJ 08889-1750
518154608     +E-mail/Text: BNC-ALLIANCE@QUANTUM3GROUP.COM Jan 07 2020 23:33:27      ComenityCapital/Century 21,
                Attn:  Bankruptcy Dept,    P.O. Box 182125,    Columbus, OH 43218-2125
518276110      E-mail/Text: bnc-quantum@quantum3group.com Jan 07 2020 23:33:36
                Quantum3 Group LLC as agent for,    Comenity Capital Bank,    PO Box 788,
                Kirkland, WA  98083-0788
518154614     +E-mail/PDF: gecsedi@recoverycorp.com Jan 07 2020 23:35:46      Syncb/Lord & Taylor,
                Attn: Bankruptcy,    P.O. Box 965060,    Orlando, FL 32896-5060
518156666      E-mail/PDF: ais.tmobile.ebn@americaninfosource.com Jan 07 2020 23:34:42      T-Mobile Cellular,
                Attn: Bankruptcy Team,    P.O. Box 53410,    Bellevue, WA 98015.
518154615      E-mail/Text: bankruptcy@td.com Jan 07 2020 23:33:47      TD Bank, N.A.,    32 Chestnut Street,
                P.O. Box 1377,    Lewiston, ME 04243
                                                                                              TOTAL: 8

           ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
518156665      Any Creditor with Arbitration Clause,    Provisions.
518154613    ##+Shiel Medical Laboratory,    63 Flushing Ave.,    Building 292,    Brooklyn, NY 11205-1079
                                                                                   TOTALS: 1, * 0, ## 1
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 09, 2020                                                           Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on January 6, 2020 at the address(es) listed below:
```
              Andy Winchell    on behalf of Debtor Marie Claire Coulanges andy@winchlaw.com,
               awinchellecf@gmail.com;katharine@winchlaw.com;winchellar94173@notify.bestcase.com
              Brian E Caine    on behalf of Creditor    Deutsche Bank National Trust Company, as certificate
               trustee on behalf of Bosco Credit II Trust Series 2010-1 bcaine@parkermccay.com,
               BKcourtnotices@parkermccay.com
```

```
District/off: 0312-2           User: admin              Page 2 of 2              Date Rcvd: Jan 07, 2020
                               Form ID: pdf901          Total Noticed: 19
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system (continued)
         Denise E. Carlon    on behalf of Creditor    Toyota Motor Credit Corporation
          dcarlon@kmllawgroup.com, bkgroup@kmllawgroup.com
         Kevin Gordon McDonald    on behalf of Creditor    Toyota Motor Credit Corporation
          kmcdonald@kmllawgroup.com, bkgroup@kmllawgroup.com
         Marie-Ann Greenberg    magecf@magtrustee.com
         U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
                                                                              TOTAL: 6