

| |
|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br>Brian E. Caine, Esq.<br>PARKER McCAY P.A.<br>9000 Midlantic Drive, Suite 300<br>P.O. Box 5054<br>Mount Laurel, New Jersey  08054<br>(856) 985-4059<br>Attorney for Deutsche Bank National Trust Company, as certificate trustee on behalf of Bosco Credit II Trust Series 2010-1, its successors and/or assigns |

**Order Filed on December 19, 2022
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

In Re:

Marie Claire Coulanges

CASE NO.  19-16501-JKS
Chapter:  13
Hearing: December 8, 2022
Judge:  John K. Sherwood

# ORDER RESOLVING
# DEBTOR'S MOTION TO REINSTATE THE AUTOMATIC STAY

The relief set forth on the following pages, numbered two (2) through three (3) is hereby **ORDERED**.

**DATED: December 19, 2022**

Honorable John K. Sherwood
United States Bankruptcy Court

**(Page 2)**
Debtor:  Marie Claire Coulanges
Case No:  19-16501-JKS
Caption of Order:  Order Resolving Debtor's Motion to Reinstate the Automatic Stay

---

Upon consideration of the Debtor's motion to reinstate the automatic stay as to 30 42nd Street, Irvington NJ 07111 ("Subject Property") (filed at docket number 72), and the opposition filed by Deutsche Bank National Trust Company, as certificate trustee on behalf of Bosco Credit II Trust Series 2010-1 ("Secured Creditor") (at docket number 74), and

Upon the hearing before this Court on December 8, 2022, and

The Court noting the consent of the parties to the form, substance and entry of the within Order; and for cause shown, it is hereby;

**ORDERED** as follows:

1. The September 12, 2022 Order Vacating Stay as to the Subject Property (filed at docket number 63) is hereby **VACATED**.

2. Pursuant to the motion for relief from stay (filed at docket number 62), the post-petition arrears with respect to mortgage payments directly due to Secured Creditor was $6,882.16 as of June 2, 2022 [which represented 15 payments of $490.41 (April 1, 2021 to June 1, 2022) with a suspense balance of $473.99]. Additionally, there was a tax advance made on behalf of the Debtor in the amount of $7,856.68.  The total amount of default/delinquency in said motion was $14,738.84 as of June 2, 2022.

3. Thereafter, since June 2, 2022, six (6) post-petition payments of $490.41 each became due July 1, 2022, August 1, 2022, September 1, 2022, October 1, 2022, November 1, 2022 and December 1, 2022 [$2,942.46 = 6 x $490.41]; bringing the total amount of post-petition default/delinquency to $17,681.30 as of December 8, 2022.

4. The Debtor shall cure the aforesaid $17,681.30 as follows:

    A. $14,738.84 (as mentioned in ¶2) through the chapter 13 plan, and the Trustee shall add same as a separate administrative claim to be paid to Secured Creditor.  In accordance with section 1322(b)(5) and the Debtor's Chapter 13 Plan of Reorganization, Secured Creditor shall apply this amount to the post-petition arears and not to prepetition arrears.

**(Page 3)**
Debtor:  Marie Claire Coulanges
Case No:  19-16501-JKS
Caption of Order:  Order Resolving Debtor's Motion to Reinstate the Automatic Stay

   B. Debtor shall immediately make a payment to Secured Creditor in the amount of $2,942.46 (6 payments of $490.41 for July 1, 2022 to December 1, 2022). In accordance with section 1322(b)(5) and the Debtor's Chapter 13 Plan of Reorganization, Secured Creditor shall apply this amount to the post-petition arears and not to prepetition arrears.

  5. Commencing with the January 1, 2023 regular monthly post-petition mortgage payment and continuing each month thereafter for the duration of this Chapter 13 proceeding, Debtor shall remit payments directly to Secured Creditor as same come due.

  6. The Debtor shall stay current with plan payment to the Chapter 13 Trustee.

  7. The Debtor shall stay current with property taxes owed directly to the Township of Irvington.

  8. The Debtor shall maintain insurance on the Subject Property.

  9. **Default Clause:** If the Debtor should default and fail to make the payments and/or not fulfill the obligations set forth in paragraphs 4(B), 5, 6, 7 or 8 herein, then upon Certification of Default herewith submitted by Secured Creditor's counsel, and under the timeframe providing for any opposition filed under LBR 4001-1(b)(2), the Court may enter a General Relief Order, vacating the automatic stay of 11 *U.S.C.* §362(a) with respect to the Subject Property.

  10. If a certification of default is filed in accordance with paragraph 9, above, Secured Creditor may request the Court to hear the matter on shortened time.

  11. Debtor shall reimburse Movant through their Chapter 13 Plan of Reorganization, as an administrative claim, the sum of $738.00 for attorney's fees ($550) and costs ($188) incurred by Secured Creditor for its motion for relief from stay.